* * * * * * * * * * *
The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Therefore, the Full Commission affirms the Order of Commissioner Scott.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This claim arises from the sexual assault of plaintiff on April 30, 2001, during the course and scope of her employment with defendant. *Page 2 
2. On August 7, 2003, Deputy Commissioner Ed Garner entered an Opinion and Award awarding compensation benefits and medical compensation to plaintiff as of the date of her sexual assault on April 30, 2001 and continuing until further order of the Commission.
3. On August 18, 2003, defendant appealed the Deputy's Opinion and Award to the Full Commission. Subsequently, an Opinion and Award was filed on May 20, 2004 for the Full Commission by Commissioner Thomas Bolch, upholding the award of temporary total disability (TTD) benefits to plaintiff.
4. Defendant appealed the Full Commission decision to the North Carolina Court of Appeals. On July 5, 2005, the Court of Appeals affirmed the Full Commission's Opinion and Award.
5. Defendant petitioned for and the North Carolina Supreme Court granted discretionary review. In a per curiam decision, filed on August 18, 2006, the Supreme Court ruled that discretionary review was improvidently allowed in part. The award of TTD and medical benefits to plaintiff as of April 30, 2001 was upheld; however, the Court also ruled that "based on the specific facts of this case, defendants' defense of this matter was not without reasonable grounds" and reversed that portion of the Court of Appeals' decision upholding the imposition of sanctions. The case was remanded to the Court of Appeals for remand to the Industrial Commission for further proceedings consistent with the Court's opinion. Defendant petitioned the Supreme Court for rehearing, which was denied.
6. After the Full Commission's Opinion and Award on remand, plaintiff filed a motion for attorneys' fees pursuant to N.C. Gen. Stat. § 97-88. On May 19, 2007, defendant directed its response to defendant's motion to then Chairman Lattimore in accordance with Rule 702A. On May 22, 2007, plaintiff's counsel wrote to Commissioner Scott, acknowledging *Page 3 
receipt of defendant's response of May 19 and requesting his consideration of plaintiff's motion for attorneys' fees. On September 26, 2007, plaintiff's counsel wrote to Commissioner Scott again.
7. On October 4, 2007, Commissioner Scott entered an Order awarding attorneys' fees under N.C. Gen. Stat. § 97-88 to the law firms of Ganly Ramer and the Sumwalt Law Firm totaling $36,273.30.
8. Defendant initially gave notice of appeal to the North Carolina Court of Appeals from Commissioner Scott's Order on October 5, 2007. On October 18, 2007, defendant gave notice of appeal from Commissioner Scott's order to the Full Commission in a letter faxed and delivered by Federal Express to the Docket Section. On November 2, 2007, defendant withdrew its appeal to the Court of Appeals. In an order filed November 13, 2007, Commissioner McDonald granted defendant's motion to withdraw its appeal to the North Carolina Court of Appeals.
9. On December 26, 2007, defendant's counsel wrote to the Docket Section in a letter sent by facsimile transmission and Federal Express: "Dear Ladies and Gentlemen: I have yet to receive a Form 44 Application for Review in response to the Defendant's notice of appeal of October 18, 2007." On December 28, 2007, defendant's counsel received a telephone call from Dockets Director Linda Langdon, reporting that her section had no record of defendant's appeal and requesting verification of its transmission. Defendant's counsel responded by e-mail transmission that same afternoon, attaching copies of a Federal Express receipt and confirmation of the facsimile transmission. In a letter dated January 25, 2008 and received in defendant's counsel's office on January 30, 2008, Ms. Langdon wrote in pertinent part:
 . . .We have confirmed through the Mail Service Center that the Industrial Commission received the FedEx envelope containing *Page 4 
the notice of appeal on October 19, 2007. However, for reasons we have been unable to determine, the Docket Section has no record that the appeal was received, and, therefore, the appeal was not acknowledged at that time. Please accept my apology for any inconvenience the parties have been caused by this occurrence.
 This case has not been entered on the docket for review by the Full Commission pursuant to Rule 701 of the Workers' Compensation Rules of the North Carolina Industrial Commission. The parties will be notified of the review date and time. No transcript will be prepared for purposes of this appeal. Therefore, the enclosed Form 44, Application for Review, must be filed in triplicate within twenty-five (25) days from receipt of this letter. Please do not hesitate to contact me if you need additional information.
10. On February 1, 2008, plaintiff moved to dismiss defendant's appeal on the grounds that Defendant had not filed a Form 44 or brief within 25 days of its October 18, 2007 notice of appeal to the Full Commission. Defendant responded to plaintiff's motion in a letter to Chair Young on February 4, 2008. Plaintiff replied to defendant's response in a letter to Chair Young on February 12, 2008, insisting that defendant's appeal had lapsed for failure to file its brief and Form 44 within twenty-five days of its notice of appeal since the hearing transcript had already been prepared for the previous appeal.
11. Based on the foregoing, the Full Commission finds that defendant's brief and Form 44 were due within twenty-five days of the Docket Director's January 25, 2008 letter. Accordingly, defendant's brief and Form 44 were due by February 19, 2008. Defendant's brief and Form 44 were filed February 15, 2008.
12. Defendant's appeals have been unsuccessful in terminating plaintiff's award of TTD and medical benefits as awarded by the Opinion and Award of Deputy Commissioner Garner on August 7, 2003. Accordingly, pursuant to N.C. Gen. Stat. § 97-88, the Full Commission has discretion to award a reasonable attorney fee for the plaintiff's counsels. *Page 5 
13. Ganly Ramer associated the Sumwalt Law Firm to assist in the preparation of the Supreme Court brief. The attorneys at Ganly Ramer invested 130.55 hours in these appeals and the Sumwalt Law Firm spent 57.2 hours in appellate work, which resulted in the award of medical and indemnity compensation in Plaintiff's favor.
14. Based upon its sound discretion, the Full Commission finds the award of attorney's fees and costs of $36,276.30 pursuant to N.C. Gen. Stat. § 97-88 to be reasonable. The method of computing the award under N.C. Gen. Stat. § 97-88 is based on the hourly rate of $193.20, which is hereby found to be the reasonable hourly rate for attorneys practicing in Charlotte and Asheville.
15. Defendant has not raised an issue regarding the amount of attorneys' fees in this case.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The appeals of this matter were brought by defendant. Defendant has been ordered to make, or to continue to make payments of benefits to plaintiff. Therefore, in the exercise of its discretion pursuant to N.C. Gen. Stat. § 97-88, the Full Commission may award attorney's fees to plaintiff.
2. Pursuant to Rule 701, defendant's form 44 and brief were due within twenty-five days of the January 25, 2008 letter for the Industrial Commission Docket Director.
 * * * * * * * * * * * *Page 6 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay Ganley Ramer the sum of $25,222.26 and the Sumwalt Law Firm the sum of $11,051.04 for a total of $36,273030, which shall be taxed against defendant as costs pursuant to N.C. Gen. Stat. § 97-88.
2. Plaintiff's motion to dismiss defendant's appeal is hereby DENIED.
3. Defendants shall pay the costs.
This the 12th day of June, 2008.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
 CONCURRING:
S/___________________
LAURA KRANIFELD MAVRETIC
COMMISSIONER
S/___________________
DIANNE C. SELLERS
COMMISSIONER